## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 49612

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: July 12, 2024** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| THEODORE RUSSELL GEORGE, JR., | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Second Judicial District, State of Idaho, Clearwater County. Hon. Adam H. Green, District Judge.

Judgment of conviction, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Judge

Theodore Russell George, Jr. appeals from the judgment of conviction following his guilty plea to two counts of felony unlawfully killing, possessing, or wasting of any combination and numbers/species of wildlife exceeding $1,000 of reimbursable damages during a twelve-month period, in violation of Idaho Code § 36-1401(c)(3). George, an enrolled member of the Nez Perce Tribe, was hunting on private ground without a valid hunting license or valid hunting tags. The district court concluded the location where George killed two moose is not "open and unclaimed land" and, as such, George did not have treaty rights to hunt without a valid hunting license or valid tags. The district court did not err in denying George's motion to dismiss. The judgment of conviction is affirmed.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

The facts of this case are undisputed. George is an enrolled member of the Nez Perce Tribe. He shot and killed a cow moose and a calf bull moose without a valid hunting license or valid tags on land privately owned by the PotlatchDeltic Company. George was charged with two counts of felony unlawfully killing, possessing, or wasting of any combination and numbers/species of wildlife exceeding $1,000 of reimbursable damages during a twelve-month period. As part of his guilty plea, George stipulated to all the relevant facts relating to the offense, including: (1) he intentionally shot and killed two moose without a valid hunting license or hunting tags on property privately owned by PotlatchDeltic Company; (2) since May 2019, the Idaho Department of Fish and Game has maintained a non-exclusive lease across all of the subject PotlatchDeltic Company land; and (3) photographs of signage noting that the property is privately owned were posted along routes of ingress or egress to the location of the moose carcasses.

George filed a motion to dismiss the charges asserting that, pursuant to an 1855 treaty, the Nez Perce tribe retained the right to hunt in "open and unclaimed land." George argued that "open and unclaimed land" is land with no visible indicia of ownership and that the land upon which he hunted had "no fences on or surrounding the land, no buildings or other structures on the land, and no signs indicating that the land was private property." George argued that, regardless of the private ownership of the land, it is "open and unclaimed," and therefore, as an enrolled member of the Nez Perce Tribe, he needed neither a valid hunting license nor valid hunting tags.

The State argued that the issue of what constitutes "open and unclaimed land" was resolved in *State v. Simpson*, 137 Idaho 813, 54 P.3d 456 (Ct. App. 2002), where the Idaho Court of Appeals held that land owned by the Potlatch Corporation was not open and unclaimed land pursuant to the 1855 treaty. Alternatively, the State argued that George would have seen indicia of ownership where he killed the two moose, most notably, two large maps that showed property ownership at both ends of the road where the moose were killed.

The district court denied George's motion to dismiss, finding that the holding in *Simpson* is dispositive. George entered a conditional guilty plea, reserving his right to appeal the district court's denial of his motion to dismiss. George appealed.

2

## II.

## STANDARD OF REVIEW

A trial court's decision regarding a motion to dismiss a criminal action is reviewed for an abuse of discretion. *State v. Sarbacher*, 168 Idaho 1, 4, 478 P.3d 300, 303 (2020). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

On appeal, George argues the district court erred in denying his motion to dismiss. George asserts that, mindful of his factual stipulations in the district court and the holdings in *State v. Coffee*, 97 Idaho 905, 556 P.2d 1185 (1976) and *Simpson*, the district court erred in concluding the land on which George hunted is not "open and unclaimed." The State argues the district court did not err. We agree with the State.

In *Coffee*, the Idaho Supreme Court rejected Coffee's argument that because she is a native person, she has an aboriginal right to hunt free from state regulation. *Coffee*, 97 Idaho at 906, 913, 556 P.2d at 1186, 1193. The Supreme Court held that any aboriginal rights to hunt once held by the Kootenai Tribe were extinguished pursuant to a treaty in 1858, leaving a right to hunt only on open and unclaimed land. *Id*. at 913, 556 P.2d at 1193.

Whether privately owned land is open and unclaimed was addressed in *Simpson*. There, Simpson and others were hunting out of season on property owned by Potlatch Corporation. *Simpson*, 137 Idaho at 814, 54 P.3d at 457. On that property, Jackson, one of Simpson's co-defendants, shot and killed two elk. *Id*. Jackson was an enrolled member of the Nez Perce Tribe; Simpson was not. *Id*. Simpson admitted he helped load the elk into his truck. *Id*. Simpson was charged with two counts of unlawfully taking elk. *Id*. Simpson moved to dismiss the charges on the grounds that the Nez Perce Treaty of 1855 made state game laws inapplicable to Jackson. *Id*. The magistrate court disagreed and denied the motion; thereafter, Simpson was found guilty by a jury on both counts. *Id*. Simpson appealed. On appeal, the Supreme Court relied on *Coffee* to

3

again hold that privately owned land is not open and unclaimed pursuant to the 1855 treaty. *Simpson*, 137 Idaho at 815, 54 P.3d at 458.

Here, George's factual stipulations in the district court and the holdings of *Coffee* and *Simpson* are dispositive of this case. George acknowledges that he was hunting on clearly marked, privately owned ground. As such, the land is not open and unclaimed, and he did not retain any hunting rights by virtue of his status as an enrolled member of the Nez Perce Tribe. The district court did not err in denying George's motion to dismiss the charges.

## IV.

## CONCLUSION

The district court did not err in denying George's motion to dismiss the charges of unlawfully killing, possessing, or wasting of any combination and numbers/species of wildlife exceeding $1,000 of reimbursable damages during a twelve-month period because George was hunting on clearly marked privately owned land without a valid hunting license or valid hunting tags. George's judgment of conviction is affirmed.

Chief Judge GRATTON and Judge LORELLO **CONCUR**.